UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LAURA OCCHIPINTI,

                Plaintiff,                 Index No.:

   -against-                                      **COMPLAINT AND**
                                                        **JURY DEMAND**

THE CITY OF NEW YORK, ELAINE M. CARINCI, ESQ;
DETECTIVE JOESELYN SANABRIA; and POLICE
OFFICERS "JOHN DOE" 1 THROUGH 10,

                Defendants.
-------------------------------------------------------------------X

## INTRODUCTORY STATEMENT

1. The plaintiff LAURA OCCHIPINTI brings this action under 42 U.S.C. Sec. 1983 and related state laws seeking compensatory and punitive damages and attorney's fees under 42 U.S.C. Sec. 1988 for the defendants' violation of their rights afforded by the United States and New York Constitutions and under the laws of the State of New York.

2. Defendants, CITY OF NEW YORK, DETECTIVE JOESELYN SANABRIA, ELAINE M. CARINCI, ESQ and POLICE OFFICERS "JOHN DOE" #1-10, being employees of the New York City Police Department, respectively, violated plaintiff's civil rights without just and probable cause, causing her emotional and economic loss.

## JURISDICTION

3. The Court has jurisdiction over plaintiff's claims under 42 U.S.C. Sec. 1983 pursuant to 28 U.S.C. Sec. 1331 and Sec. 1342(3).

4. The Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. Sec. 1367.

5. Prior to commencement of this action and within 90 days of occurrence herein, on November 11, 2011, plaintiff served a Notice of Claim in writing, upon the defendant, the City of New York, in accordance with Section 50(e) of the General Municipal Law.

6. A hearing was held pursuant to Section 50(h) of the General Municipal Law on April 12, 2012, with regard to the aforementioned Notice of Claim and this case has not been settled or adjusted.

7. Prior to commencement of this action, on June 21, 2012, the plaintiff filed a second Notice of Claim in writing, upon the defendant, the City of New York, in accordance with Section 50(e) of the General Municipal Law.

8. A hearing pursuant to Section 50(h) of the General Municipal Law was not held and the matter was not settled or adjusted.

9. This action was commenced within one year and ninety days of the occurrence complained of herein that gave rise to plaintiff's injuries and plaintiff has complied with all of the prerequisites for bringing this action.

## PARTIES

10. Plaintiff is a resident of the County of Queens, City and State of New York.

11. Defendant CITY OF NEW YORK is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such is responsible for the practices, policies and customs of the New York City Police Department, as well as the hiring, screening, training, supervising, controlling and disciplining of those persons employed by the New York City Police Department.

12. Defendant Elaine M. Carinci, is an attorney in the office of the Legal Bureau of the New York City Police department and of counsel to S. Andrew Schaffer, acting by designation of Michael A. Cardozo, Corporation Counsel for the City of New York, and is being sued in both her individual and official capacity for all times herein mentioned.

13. Defendants DETECTIVE JOESELYN SANABRIA and POLICE OFFICERS "JOHN DOE" #1-10, are being sued herein both in their individual and official capacities, are and were at all times hereinafter mentioned, and particularly on or about August 5, 2011, employed by the City of New York.

14. Defendants were at all times acting under color of state law, to wit, under color of the statutes, ordinances, customs, policies and/or practices of the State of New York and/or the City of New York and defendants were also acting within the scope of and in furtherance of their employment.

## FACTUAL ALLEGATIONS

15. Plaintiff LAURA OCCHIPINTI was not guilty of any criminal acts.

16. On or about August 5, 2011, plaintiff LAURA OCCHIPINTI was in her home located at 7867 79th Lane, in the County of Queens where she resides with her parents.

17. At approximately 6:00 AM on August 5, 2011, defendants DET. JOESELYN SANABRIA and POLICE OFFICERS "JOHN DOE" #1-10 broke down the door of the plaintiff's home and entered under the auspices of a warrant issued for 7867 79th Place.

18. At the time the defendants Det. Joeselyn Sanabria and Police Officers John Doe #1-10 entered the home and stated that they had a warrant for **7867 79th Place**.

19. Plaintiff LAURA OCCHIPINTI informed them that they were not at 7867 79th **Place**, but rather 7867 79th **Lane**.

20. Defendant Det. Joeselyn Sanabria and Police Officers John Doe #1-10 ignored the plaintiff's information and proceeded to ransack her home, including breaking down the door to plaintiff's basement apartment.

21. On August 5, 2011, and at all times herein, Plaintiff LAURA OCCHIPINTI was in possession of legally prescribed medication.

22. On August 5, 2011, defendants Det. Joeselyn Sanabria and Police Officers John Doe #1-10 seized plaintiff's legally prescribed prescriptions and wrongfully placed her under arrest for illegal possession of the medication.

23. Plaintiff LAURA OCCHIPINTI was held by the police from approximately 6:00 AM on August 5, 2011 until approximately 3:00 PM on August 6, 2011, when she was released from jail.

24. Plaintiff LAURA OCCHIPINTI attended court approximately 3 times over the course of eight months.

25. Plaintiff LAURA OCCHIPINTI's case was adjourned in contemplation of dismissal on October 19, 2011.

26. Plaintiff LAURA OCCHIPINTI understood this adjournment to mean that her case was being dismissed.

27. On April 19, 2012, Plaintiff's criminal case was dismissed and sealed.

28. Despite the plaintiff receiving a dismissal in contemplation of dismissal as to the criminal charges filed against her, on or about March 22, 2012, defendant Elaine M. Carinci, Esq had the plaintiff and her father Vito Occhipinti served with a complaint alleging that they caused a public nuisance at the subject location.

29. The aforementioned complaint set forth allegations and made claims that were inaccurate, baseless and aimed at harassing and annoying the plaintiff and her family.

30. Defendant Elaine M. Carinci filed said complaint against the plaintiff on the bases of allegations that were dismissed against the plaintiff.

31. Defendant Elaine M. Carinci, Esq by the filing of said complaint sought to harass the plaintiff and sought to have her subjected to civil penalties for allegedly maintaining and permitting the subject premises to be a public nuisance.

32. Defendant Elaine M. Carinci, Esq in said complaint listed several inaccuracies among them that on or about August 3, 2011, a confidential informant observed firearms, marijuana, and controlled substances at the subject location. However when defendants Det. Joeselyn Sanabria and Police Officers John Doe #1-10 executed a search warrant of the subject location on August, 5, 2011, the date of plaintiff's arrest, no firearms or marijuana was recovered from the location.

33. Defendant Elaine M. Carinci, Esq subjected the plaintiff to prosecution for public nuisance abatement and eviction based on crimes that she did not commit.

34. Solely as the result of the foregoing, plaintiff LAURA OCCHIPINTI has sustained substantial financial loss and serious emotional injuries in an amount which exceeds the minimal jurisdiction of this court.

## AS AND FOR A FIRST CAUSE OF ACTION –
## VIOLATION OF CIVIL RIGHTS

35. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36. As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges and immunities secured to them under the Constitution and laws of New York and the United States, including, but not limited to their rights under the Fourth, Eighth and Fourteenth Amendments and 42 U.S.C. 1983 to be secure in their person, to be free from unreasonable searches and seizures, to be free from malicious prosecution, false arrest and false imprisonment and punishment without due process and to equal protection of the laws.

37. As a result of the aforesaid violation of plaintiff's rights, she sustained injuries and damages previously described in this complaint.

38. As a result of the foregoing, plaintiff seeks compensatory damages in an amount that exceeds the minimal jurisdiction of this court for all defendants.

## AS AND FOR A SECOND CAUSE OF ACTION –
## NEGLIGENCE

39. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40. The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in arresting and prosecuting the plaintiff.

41. As a result of the aforesaid, plaintiff sustained the injuries and damages previously described in this complaint.

42. As a result of the foregoing, plaintiff seeks compensatory damages in an amount that exceeds the minimal jurisdiction of this court for all defendants.

### AS AND FOR A THIRD CAUSE OF ACTION – NEGLIGENT RETENTION AND NEGLIGENT HIRING

43. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 42 as if fully set forth herein.

44. The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in hiring and/or retaining the individually named defendants in that said individual defendants were or should have been known to be employees who abused and misused their position, who gave false information, or who acted intentionally and/or recklessly toward the public.

45. As a result of the aforesaid, plaintiff sustained the injuries and damages previously described in this complaint.

46. As a result of the foregoing, plaintiff seeks compensatory damages in an amount that exceeds the minimal jurisdiction of this court for all defendants.

### AS AND FOR A FOURTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 46 as if fully set forth herein.

48. The actions of the defendants in arresting the plaintiff who they knew or should have known was not guilty of a crime, were outrageous and beyond any norms acceptable to society.

49. As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint.

50. As a result of the foregoing, plaintiff seeks compensatory damages in an amount that exceeds the minimal jurisdiction of this court for all defendants.

### AS AND FOR A FIFTH CAUSE OF ACTION –
### FALSE ARREST AND FALSE IMPRISONMENT

51. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 50 as if fully set forth herein.

52. At no time did plaintiff commit any act or offense for which an arrest may be lawfully made.

53. The false criminal charges, false arrest and wrongful imprisonment were without any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

54. As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint.

55. As a result of the foregoing, plaintiff seeks compensatory damages in an amount that exceeds the minimal jurisdiction of this court for all defendants.

### AS AND FOR A SIXTH CAUSE OF ACTION –
### MALICIOUS PROSECUTION

56. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 55 as if fully set forth herein.

57. There are and were no grounds, legitimate cause or justification upon which to prosecute the Plaintiff, and said prosecution of the plaintiff was intentional, malicious, reckless and in bad faith.

58. As a result of the aforesaid, Plaintiff LAURA OCCHIPINTI sustained the injuries and damages previously described in this complaint. Additionally, no grounds exist to eviction plaintiff or take her home.

59. As a result of the foregoing, Plaintiff LAURA OCCHIPINTI seeks compensatory damages in an amount that exceeds the minimal jurisdiction of this court for all defendants.

WHEREFORE, plaintiff demands damages in an amount which exceeds the minimal jurisdiction amount of the lower courts from all defendants in each of the First through Sixth cause of action along with punitive damages and attorney fees together with the costs and disbursements of this action.

Dated: New York, New York
    January 7, 2013

Michael B. Ronemus
**RONEMUS & VILENSKY**
Attorneys for Plaintiff(s)
112 Madison Avenue, 2nd Floor
New York, New York 10016
(212) 779-7070